SWIFT, Judge.
In August, 1979, Martin Leger contracted with St. Landry Aerial Applicators, Inc. (St. Landry Aerial) for the latter to apply the chemical pesticide 2 — 4D-B to Leger’s 640 acres of soybeans in Avoyelles Parish, Louisiana. Allegedly, the defendant’s pilot improperly mixed and applied the chemical to the acreage, adversely affecting the growth of plaintiff’s soybeans and causing a reduced yield of bushels per acre.
Leger sued St. Landry Aerial and its liability insurer, United States Fire Insurance Company (United States Fire), for damages. The latter filed a motion for summary judgment on the ground that the alleged damages to plaintiff’s crop were not covered by its insurance policy because of the following exclusionary clause therein stating that it does not apply:
“17. to injury to or destruction of any property in or upon the field, adjacent field, area or premises owned, occupied, rented or in the care, custody or control of the farmer, owner or grower for whom the aerial application is being performed by the Insured.”
The trial judge granted the motion and dismissed plaintiff’s petition as to United States Fire. From this judgment the plaintiff has appealed.
Plaintiff-appellant contends that the trial court erred in its interpretation of the insurance policy exclusion. He asserts that the general scheme of the policy’s exclusions indicates that Exclusion 17 is not a general exclusion of all property but rather is a specific exclusion of equipment, farm implements and animals in the fields. He also argues that if Exclusion 17 does exclude all property then it contradicts Exclusion 15, which says the policy is inapplicable “to bodily injury to or sickness, disease or death of any person, or to injury to or destruction of property arising out of the use of chemicals, unless all aircraft operated by the Insured for the purposes of aerial application are insured by the Company.”
We disagree.
Plaintiff’s claim that “property in or upon the field” as used in Exclusion 17 does not apply to standing crops is contrary to Louisiana Civil Code Article 463 which provides:
“Buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungath-ered fruits of trees, are component parts of a tract of land when they belong to the owner of the ground.”
The Louisiana Supreme Court in interpreting former Article 465 (now Article 463) stated that crops are property whether they be immovable when attached to the land or movable when severed. Humble Pipe Line Co. v. William T. Burton Industries Inc., 253 La. 166, 217 So.2d 188 (1968). The 1978 revision to Title 1 of Book 2 of the Louisiana Civil Code of 1870 did not alter the status of standing crops. Unquestionably, crops are property under Louisiana law.
It is undisputed in this case that the crop allegedly damaged belonged to plaintiff, who occupied the field and was the farmer for whom the aerial application of the chemical was being performed by St. Landry Aerial. Therefore, its injury or destruction was clearly excluded from policy coverage by the clause quoted hereinabove.
Exclusion 15 appears to exclude all property and personal injury damages arising from the use of chemicals unless ail of the insured’s aircraft are insured by United States Fire. Exclusion 17 specifically excludes damages to property in or upon the land of the person for whom the aerial service is being performed even if all of the insured’s planes are insured by the policy. We do not view these two exclusions as inconsistent.
*762 Although we are mindful that ambiguous policies are to be construed in favor of the insured, we cannot agree with plaintiff’s contention that the policy here is ambiguous. The wording of Exclusion 17 is clear.
The record shows that there is no genuine issue between the parties as to any material fact. The only issue between the plaintiff and this insurer is whether standing crops are “property in or upon the field” as that term is used in Exclusion 17 of the insurance contract. This is a legal, not a factual issue. As the inescapable conclusion is that the plaintiff’s soybeans were such property, the exclusion is applicable and the trial judge was eminently correct in granting the defendant insurer’s motion for summary judgment.
For the foregoing reasons the judgment of the district court appealed from is affirmed at appellant’s costs.
AFFIRMED.